UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SEAN C. COOPER                                                      CIVIL ACTION

VERSUS                                                             NO.  12-2572

WESTEND CAPITAL MANAGEMENT, LLC                SECTION  "N"  (3)

## ORDER AND REASONS

Presently before the Court are the "Motion for Preliminary Injunction and to Stay

JAMS Arbitration in San Francisco"  (Rec. Doc. 10), filed by Plaintiff, Sean C. Cooper, and the

"Motion to Dismiss Complaint for Declaratory Judgment" (Rec. Doc. 3) filed by Defendant

WestEnd Capital Management, LLC ("WestEnd").  Having carefully considered the parties'

submissions, the record, and applicable law, **IT IS ORDERED** that Plaintiff's motion (Rec. Doc.

10) is **DENIED**.  **IT IS FURTHER ORDERED** that WestEnd's motion (Rec. Doc. 3) is **DENIED**

to the extent it seeks complete dismissal, rather than a stay, of this action.  **IT IS FURTHER**

**ORDERED** that, pursuant to 9 U.S.C. §3, this action is **STAYED** pending completion of the

pending JAMS arbitration and/or further order of the Court.

## Background

On or about September 15, 2009, George Bolton Holdings, LLC ("Bolton"), Robert

Gustave Ozag ("Ozag"), and Plaintiff entered into a "First Amended and Restated Operating

1

Agreement" ("Operating Agreement") for WestEnd as its Members and Managers.[1]  Section 4.9 (c)

of the Operating Agreement provides that the managers may expel Ozag, Plaintiff, or Bolton from

WestEnd only upon unanimous consent of all Managers other than the Manager being expelled and

only if such Manager's relationship with WestEnd is terminated for cause.[2]

      Almost three years later, on or about July 31, 2012, Ozag and Bolton voted to expel

Plaintiff from WestEnd.[3]  On August 3, 2012, George Bolton hand delivered a letter to Plaintiff,

notifying him that he had been expelled from WestEnd on the basis of allegations of conduct

constituting "cause," as defined by the Operating Agreement, and that he had been banned from

WestEnd's business premises.[4]

      Later that month, on August 25, 2012, WestEnd filed a "Verified Petition for a

Temporary Restraining Order and Preliminary Injunction and Permanent Injunctive Relief" against

Plaintiff in the Civil District Court for the Parish of Orleans, State of Louisiana.[5]  Judge Lloyd

Medley entered a temporary restraining order that same day.[6]  On September 4 or 5, 2012, the TRO

was extended until September 14,  2012, when it apparently expired.[7]  Thereafter, on October 22,

---

[1]     See Rec. Doc. 1-2.

[2]     *Id.*, p. 10 of 33.

[3]     See August 3, 2012 Letter (Rec. Doc. 7-6).

[4]     *Id.*

[5]     See Verified Petition (Rec. Doc. 1-4, pp. 1-7 of 23), *WestEnd Capital Management, LLC v. Sean Cooper*," Civil Action No. 2012-8341, Civil District Court, Parish of Orleans, State of Louisiana.

[6]     See Order dated August 25, 2012 (Rec. Doc. 10-4, pp. 8-11 of 23).

[7]     See Order dated September 5, 2012 (Rec. Doc. 10-4, p. 14 of 23).

2012, WestEnd filed a motion to dismiss the state court action with prejudice.[8]   An order of

dismissal was entered later that day.[9]

Prior to dismissing its state court action, WestEnd commenced an arbitration

proceeding, on September 26, 2012, by filing a "Demand for Arbitration Before JAMS," requesting

a hearing in San Francisco, California, as well as a "Statement of Claim."[10]  On October 22, 2012,

Plaintiff filed an objection to the arbitration proceeding.[11]  The next day, October 23, 2012, Plaintiff

commenced this action by filing a "Complaint for Declaratory Judgment."[12]  The motions presently

before the Court ultimately followed.

Pertinent to these motions is Section 24 of the Operating Agreement, entitled

"Arbitration," which provides:

> The parties waive their right to seek remedies in court,
> including any right to a jury trial. The parties agree that any dispute
> between or among any of the parties arising out of, relating to or in
> connection with this Agreement or the Company or its organization,
> business or management, shall be resolved exclusively through
> binding arbitration conducted under the auspices of JAMS pursuant
> to its Arbitration Rules and Procedures. The arbitration hearing shall
> be held in the county and state of the principal office of the Company
> at the time the dispute arises. Disputes shall not be resolved in any
> other forum or venue. The arbitration shall be conducted by a retired
> judge who is experienced in resolving disputes regarding the
> securities business. The parties agree that the arbitrator shall apply
> the substantive law of California to all state law claims, that limited

---

[8]     See "Motion to Dismiss" dated October 22, 2012 (Rec. Doc. 10-4, p. 18 of 23).

[9]     See Order dated October 22, 2012 (Rec. Doc. 10-4, p. 19 of 23).

[10]     See Rec. Doc. 10-6, pp. 1-13; see also Civil Action No. 12-2934 (Rec. Docs. 14-4
and 14-5).

[11]     See Rec. Doc. 10-1, p. 9 of 28.

[12]     See Rec. Doc. 1.

> discovery shall be conducted in accordance with JAMS' Arbitration Rules and Procedures, and that the arbitrator may not award punitive or exemplary damages, unless (but only to the extent that) such damages are required by law to be an available remedy for any of the specific claims asserted. In accordance with JAMS' Arbitration Rules and Procedures, the arbitrator's award shall consist of a written statement as to the disposition of each claim and the relief, if any, awarded on each claim.[13]

## LAW AND ANALYSIS

WestEnd's motion to dismiss contends that Plaintiff's action is governed and precluded by the arbitration provision set forth in Section 24 of the Operating Agreement. Although acknowledging that the express provisions of 9 U.S.C. §3 provide for a stay of a federal court action pending completion of arbitration – upon a determination by the court that any involved issue is referable to arbitration – WestEnd contends the Court has discretion to dismiss, rather than stay, the action if all pending issues are referable to arbitration. In opposing WestEnd's motion to dismiss, and in support of his own motion for preliminary injunction and to stay, Plaintiff maintains that the Operating Agreement requires arbitration in New Orleans, as the location of WestEnd's principal office at the time the dispute arose, rather than in San Francisco. Recognizing that no JAMS office exists in New Orleans, Plaintiff urges the Court to order arbitration in Dallas, Texas (where JAMS has an office), stay the San Francisco proceeding, and appoint a new arbitrator from the New Orleans area, or, alternatively, Dallas. Alternatively, Plaintiff maintains that, by commencing the aforementioned state court proceeding, obtaining a temporary restraining order, and then dismissing the matter with prejudice, with no reservation of claims for arbitration, the pending JAMS arbitration proceeding initiated by Defendant is barred by principles of res judicata and/or waiver.

---

[13]    See Rec. Doc. 1-2, p. 32

With respect to res judicata, the Court applies Louisiana law "to determine the preclusive effect of a prior Louisiana court judgment, if any." *See Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000).  "Louisiana's doctrine of res judicata can only be invoked if all essential elements are present and established beyond all question. *See Kelty v. Brumfield,* 633 So.2d 1210, 1215 (La.1994).  Thus, a state court dismissal with prejudice bars a subsequent federal suit only if:  "(1) the judgment is valid; (2) the judgment is final;[14] (3) the parties to the two actions are the same;[15] (4) the cause of action asserted in the federal suit existed at the time of the prior state court judgment; and (5) the cause of action asserted in the federal suit arose out of the transaction or occurrence that was the subject matter of the state court litigation." *Id.* at 809.

Regarding the last element,  "[w]hat factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Lafreniere Park Foundation*, 221 F.3d at 810-11 (quoting *Restatement (Second) of Judgments* § 24(2) and citing *Hy–Octane Investments, Ltd. v. G&B*

---

[14]     A judgment of dismissal with prejudice has the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice, however, does not constitute a bar to another suit on the same cause of action.  See *Lafreniere Park Foundation*, 221 F.3d at 809, n.3; La. Code Civ. P. art. 1673.

[15]     "Under § 4231's provision that 'a valid and final judgment is conclusive between the same parties,' see La. R.S. 13:4231, '[i]dentity of parties does not mean the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity.'" *Lafreniere Park Foundation*, 221 F.3d at 809 (quoting *Morris v. Haas*, 659 So. 2d 804, 810 (La. App. 5th Cir.1995)(citing *Charles E. McDonald Land Development Inc. v. Cashio*, 552 So.2d 1050 (La.App. 1st Cir.1989) and *Greer v. State*, 616 So.2d 811 (La. App. 2nd Cir.1993)).

*Oil Products, Inc*., 702 So.2d 1057, 1060 (La. App. 3rd Cir.1997) (quoting Black's Law Dictionary:

"a group of facts  so connected together as to be referred to by a single legal name; as a crime, a

contract, a wrong.")).  In *Lafreniere Park Foundation*, the Fifth Circuit concluded:  "Both of the

actions concern a group of facts so connected as to constitute a single wrong and so logically related

that judicial economy and fairness mandate that all issues be tried in one suit."  221 F.3d at 811.

Regarding the issue of waiver, as this Court recently stated in *Baricuatro v.*

*Industrial Personnel and Management Services, Inc*., Civil Action No. 11-2777, 2013 WL 757643,

*2 (E.D. La.  2/27/13)(Engelhardt, J):

> "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *In re Mirant Corp*., 613 F.3d 584, 589 (5th Cir. 2010) (citation and internal quotation omitted). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Id.* (citation and internal quotation omitted). "To invoke the judicial process, a 'party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Id*. at 589 (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999)). "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." Id. at 591 (quoting *Nicholas v. KBR, Inc.,* 565 F.3d 904, 910 (5th Cir.2009)). The Fifth Circuit has stated that "[t]hree factors are particularly relevant to the prejudice determination: (1) whether discovery occurred relating to arbitrable claims; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate." *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir.2009) (quoting *Republic Ins. Co. v. PAICO Receivables, LLC,* 383 F.3d 341, 346 (5th Cir.2004)) (internal quotation omitted).

Applying the foregoing  principles here, the Court disagrees that the pending JAMS

arbitration presently is barred by either res judicata or waiver.  Although a dismissal with prejudice

qualifies as a final judgment, and there is no assertion that the state court was not competent, the

Court is not convinced that the claims at issue in the JAMS arbitration proceeding arose out of the

same "transaction or occurrence that was the subject matter of the state court litigation."  In so

concluding, the Court recognizes that the state court petition referenced, as background information,

Plaintiff's expulsion from WestEnd, and the professed grounds for that expulsion. The pertinent

averred wrong constituting the subject matter of the state court proceeding, for which expedited

temporary injunctive relief was sought, however, was Plaintiff's alleged post-expulsion misconduct[16]

– which allegedly caused concern for the safety of WestEnd's members, officers, employees, and

their families – not the grounds for expulsion constituting the subject matter of the pending

arbitration proceeding.  Thus, because the Court finds a requisite element is missing, res judicata is

not applicable.


For similar reasons, the Court disagrees that Defendant waived its right to arbitration

by virtue of the state court proceeding.  Such waiver will be found only when the party seeking

---

[16]       This conduct, according to the state court petition, included Plaintiff's attempting to access and change the locks at WestEnd's office; sending harassing texts and email to WestEnd members and the Chief Operating Officer;  impersonating one of WestEnd's members in a voice mail message to the member's wife,  alleging the member's involvement in illegal and immoral conduct; and having the Chief Operating Officer followed; all in the context of averred knowledge of Plaintiff's possessing a collection of firearms and sometimes carrying a concealed pistol.   See Rec. Doc. 10-4, pp. 3-4 of 23, ¶¶14- 17. The resulting restraining order temporarily prohibited Plaintiff from (1) coming within 100 yards of  (a) WestEnd's members, officers, or employees, or any of their spouses or minor children, (b) WestEnd's offices, or (c) the residences of WestEnds's members, officers, or employees;  (2) contacting  WestEnd's members, officers, or employees, or their spouses or minor children;  (3) otherwise "harassing, speaking to, approaching, threatening, intimidating, or contacting" WestEnd's members, officers, or employees, or their spouses or minor children; and (4) taking any actions that would interfere with WestEnd's operation including contacting WestEnd's clients and accountant. See Rec. Doc. 10-4, pp. 9 and 16 of 23.

arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. As explained above, WestEnd's state court suit for temporary restraining order, preliminary injunction, and permanent injunctive relief did not seek a judicial resolution of any of the issues WestEnd seeks to arbitrate in the JAMS proceeding.  Nor has legal prejudice (delay, expense, or damage to Plaintiff's legal position) been shown.  Plaintiff was expelled as a member of WestEnd on July 31, 2012;  the state court litigation, addressing Plaintiff's post-expulsion conduct terminated on October 22, 2012;   the JAMS arbitration proceeding, asserting claims relative to conduct allegedly giving rise to Plaintiff's expulsion, commenced, prior to the actual dismissal of the state court litigation, on September 26, 2012.  Thus, the Court finds no undue delay by WestEnd in seeking arbitration.  Further, because WestEnd pursued only its request for temporary relief in state court, Plaintiff was not required to appear in the state court suit.  Nor did he do so. Finally, there has been no showing that discovery relative to the arbitral claims occurred during the brief course of the state court litigation.

Having disposed of Plaintiff's res judicata and waiver arguments relative to arbitration, the Court focuses on Plaintiff's assertions regarding venue. Although arguably undetermined, or at least unclear, during the proceeding's infancy, the arbitrator's February 14, 2013 scheduling order, along with the August 9, 2013 "Notice of Hearing," reflect that the arbitration *hearing* in the matter will take place between November 11 and 19, 2013, in New Orleans, Louisiana. See Rec. Doc. 29-3, p. 4, and attached Exhibit "A." Significantly, the parties' arbitration agreement requires only that pertinent disputes be resolved by means of binding JAMS arbitration, pursuant to JAMS's Arbitration Rules and Procedures, and, regarding venue, that the "arbitration hearing be held in the "county and state of the principal office of the Company at the time the

dispute arises," which the Plaintiff contends is New Orleans, Louisiana.  Importantly, the agreement

does *not* require that the entire arbitration proceeding be administered from New Orleans, that the

chosen arbitrator live in New Orleans, or that all discovery be taken in New Orleans.  Additionally,

as WestEnd contends, there is no New Orleans JAMS office and, at the time the Operating

Agreement was signed, WestEnd's headquarters were located in San Francisco.  Although the

parties seemingly could have mandated, in the Operating Agreement, the requisite residence of the

arbitrator, where discovery was to take place, and from which JAMS office the arbitration

*proceeding* would be administered, as opposed to only selecting the venue of the actual arbitration

*hearing,* they did not.  Thus, considering the federal policies favoring arbitration and attempting to

give effect to the  all provisions of the parties' agreement, where possible, the Court declines to

enjoin or stay the pending JAMS arbitration proceeding.

New Orleans, Louisiana, this 26th day of August 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**JAMS**

THE RESOLUTION EXPERTS®

## NOTICE OF HEARING

NOTICE TO ALL PARTIES                                        August 9, 2013

      Re:     **WestEnd Capital Management, LLC vs. Cooper, Sean C.**
               Reference #: 1100071836

Dear Parties:

Thank you for choosing JAMS as your dispute resolution provider. This letter will confirm the arbitration hearing in the above-referenced matter has been scheduled as follows:

| | |
|---|---|
| Date: | November 11, 2013 at 9:00 AM for 8 hours |
| | November 12, 2013 at 9:00 AM for 8 hours |
| | November 13, 2013 at 9:00 AM for 8 hours |
| | November 14, 2013 at 9:00 AM for 8 hours |
| | November 15, 2013 at 9:00 AM for 8 hours |
| | November 18, 2013 at 9:00 AM for 8 hours |
| | November 19, 2013 at 9:00 AM for 8 hours |
| | |
| Place: | TBD |
| | New Orleans |
| | |
| Neutral: | Hon. William J. Cahill (Ret.) |

If monies are outstanding, enclosed is an invoice for your share of the fees. All fees must be paid by 9/12/13 to proceed with the above hearing. Please remit payment to JAMS, P.O. Box 512850, Los Angeles, CA 90051-0850.

If additional fees are incurred an invoice will be sent after the hearing. All fees must be paid prior to service of an award which the Arbitrator has rendered.

Any cancellation or continuance must be approved by the arbitrator. If reserved time is canceled or continued by any party after September 12, 2013 JAMS will make every attempt to reschedule the neutral's time with another matter. However, if JAMS cannot reschedule, the party canceling or continuing the hearing is responsible for all fees associated with the reserved time.

Pre-hearing materials may be submitted as directed in the Arbitrator's Scheduling Order. If you have any questions, please contact me directly at 415-982-5267. We look forward to working with you.

Very truly yours,

Jessica Nixon
Case Manager
jnixon@jamsadr.com

                                                     Exhibit "A"

TWO EMBARCADERO CENTER   SUITE 1500   SAN FRANCISCO, CA 94111   TEL 415-982-5267   FAX 415-982-5287

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: WestEnd Capital Management, LLC vs. Cooper, Sean C.
Reference No. 1100071836

I, Mayra Contreras, not a party to the within action, hereby declare that on  August 09, 2013 I served

the attached Notice of Hearing on the parties in the within action by Email and by depositing true copies thereof

enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Francisco,

CALIFORNIA, addressed as follows:

Cary S. Lapidus Esq.
L/O Cary S. Lapidus
465 California Street
5th Floor
San Francisco, CA   94104
Phone: 415- 296-7101
cary.lapidus@gmail.com
    Parties Represented:
    WestEnd Capital Management, LLC

Elizabeth S. Healy Esq.
Jefferson R. Tillery Esq.
Mr. Tarak Anada
Jones Walker
201 St. Charles Ave.
New Orleans, LA   70170-5100
Phone: 504-582-8000
lhealy@joneswalker.com
jtillery@joneswalker.com
tanada@joneswalker.com
    Parties Represented:
    Sean C. Cooper

Robert S. Banks Jr. Esq.
Darlene Pasieczny Esq.
Banks Law Office, P.C.
1300 SW Fifth Ave.
Suite 2135
Portland, OR   97201
Phone: 503-222-7475
bob@bankslawoffice.com
darlene@bankslawoffice.com
    Parties Represented:
    WestEnd Capital Management, LLC

Kearney S. Loughlin Esq.
6030 Prytania Street
New Orleans, LA   70118
Phone: 504-891-3193
kearney@loughlinandloughlin.com
    Parties Represented:
    Sean C. Cooper

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco,

CALIFORNIA on  August 09, 2013.

Mayra Contreras
mcontreras@jams